IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FERENC K. CSABAI                  :
                                  :
   v.                             :        CIVIL NO. CCB-09-2280
                                  :
MARTEK BIOSCIENCES CORP, ET AL.   :

...o0o...

**MEMORANDUM**

Ferenc K. Csabai, a resident of New Jersey, representing himself, has filed a lengthy complaint against Martek Biosciences Corp. (hereinafter "Martek") of Columbia, Maryland, and fifteen individuals alleging that the defendants "fraudulently misrepresented nearly every aspect of Martek Biosciences Corporation, company, to the public equity market from the time of Martek's purchase of Omega Tech in March of 2002 to the present, 2009."[1] The defendants have filed a motion to dismiss or for summary judgment, which has been fully briefed.[2] No oral argument is necessary. For the reasons that follow, the motion will be granted.[3]

**ANALYSIS**

*A.*   *Standard of Review*

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of*

---

[1] Mr. Csabai later cites to the federal securities law, "the Securities and Exchange Act of 1934 and all other SEC disclosure laws." (Compl. at 9.)

[2] Mr. Csabai received appropriate notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and filed a lengthy response.

[3] Mr. Csabai also filed a motion to consolidate cases. Because the defendants' motion to dismiss or for summary judgment will be granted, Mr. Csabai's motion will be denied as moot.

*Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotations and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (internal quotations marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has noted that the plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Twombly*, 550 U.S. at 555 (internal quotation and alterations omitted).

Where, as in this case, materials outside the pleadings are proffered by the parties and relied on by the court, the motion may be converted to one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick,* 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.,* 241 F. Supp. 2d 551, 556 (D. Md. 2003). The parties, however, must be provided with notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment, which can be satisfied when a party is "aware that material outside the pleadings is before the court." *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious"). In this case, Mr. Csabai was on notice and attached documents to his response. Accordingly, the court will treat the defendants' motion as one for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified

that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

B.    *Statute of Limitations*

The defendants argue that Mr. Csabai's claims are barred by the applicable statute of limitations. The court agrees.

Claims of federal securities fraud are governed by the statute of limitations set forth in 28 U.S.C. § 1658(b) (hereinafter "§ 1658(b)").[4] The five-year statute of repose in § 1658(b)(2) bars

---

[4] § 1658(b) provides that:

all of Mr. Csabai's claims as to any misrepresentations or other alleged illegal acts that occurred before August 28, 2004.[5] Further, the two-year limitations period in § 1658(b)(1) begins to run when the alleged fraud is discovered, or should have been discovered by the exercise of due diligence. *See Brumbaugh v. Princeton Partners*, 985 F.2d 157, 162 (4th Cir. 1993); *In re USEC Sec. Litig.*, 190 F. Supp. 2d 808, 816 (D. Md. 2002). As the Fourth Circuit has explained (in connection with an earlier statute of limitations), inquiry notice is triggered by evidence of the possibility of fraud; complete exposure of the alleged wrongful conduct is not required. *Brumbaugh*, 985 F.2d at 162 (internal citation omitted); *USEC*, 190 F. Supp. 2d at 817.

Here, several of the matters complained of by Mr. Csabai are barred by the five-year statute of repose.[6] Further, the entire case is barred by the two-year statute of limitations given that Mr. Csabai's own writings, which he does not dispute, make clear that he believed before August 28, 2007 that the defendants were committing the fraudulent acts now alleged in the complaint. In Mr. Csabai's March 19, 2007 letter to individual defendant Pete Buzy, he referred

---

> [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of --
>
> (1)   2 years after the discovery of the facts constituting violation; or
>
> (2)   5 years after such violation.

[5] The complaint was filed on August 28, 2009.

[6] This includes the allegations concerning the OmegaTech purchase in 2002, Martek's "fail[ure] to obtain a [sic] independent dietary endorsement from the National Academy of Sciences" on September 5, 2002 (Compl. at 25), patent infringement cases against Nutrinova in 2003 and 2004 (Compl. at 29), and "insider trading" prior to August 2004.

to, for example, "watching all the insiders unload their shares in 2003," and stated that "on that 2004 first quarter conference call . . . Martek management . . . took pump and dump to new and previously unheard of levels." (Defs.' Mem. Ex. 2 at H.)  He claimed that "[t]he Martek situation is one full of fraud . . .  It has taken the last three years to really understand what the insiders have known all along . . ." (*Id.*)  Furthermore, his complaint states plainly that evidence to "document the claims became available from July 17, 2007 . . ." (Compl. at 5.)  Clearly, Mr. Csabai was at least on inquiry notice well before August 28, 2007.

In his response to the defendants' motion, Mr. Csabai argues that he discovered additional evidence within the last two years; that the fraud is ongoing and therefore not barred; and that by filing a complaint with the Securities and Exchange Commission ("SEC"), he tolled the time to file this suit.  None of these arguments is persuasive.  The statute is not tolled until all evidence is discovered, but only until sufficient evidence to place a plaintiff on inquiry notice has been, or should have been, discovered.  *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 179 (4th Cir. 2007).  Further, it appears that Mr. Csabai's last transactions with Martek occurred in December 2007, so that any "fraud" in 2008 or 2009 would not be actionable.  And there is simply no statutory or case authority nor logical reason why the filing of a complaint with the SEC would toll the time to file a lawsuit.[7]

---

[7] Further, it does not appear that Mr. Csabai has stated any cognizable claim under state law, as he has not alleged that he made a pre-suit demand on Martek's Board of Directors to institute litigation. *See* Fed. R. Civ. P. 23.1(b)(3); Del. R. Ch. Ct. 12.1(a).  In fact, Mr. Csabai has not even alleged that he is currently a Martek stockholder.

A separate Order follows.


_December 23, 2009_                             _____/s/_____
Date                                            Catherine C. Blake
                                                United States District Judge